United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARSHALL WEALTH MANAGEMENT GROUP, INC., et al., <br> Plaintiffs, <br> v. <br> PERRY C. SANTILLO, <br> Defendant. | Case No. 5:18-cv-03051-EJD <br><br> **ORDER TO SHOW CAUSE** |

Plaintiffs Marshall Wealth Management Group, Inc. and David T. Marshall commenced the instant action directly in this court against Defendant Perry C. Santillo. Plaintiffs assert six causes of action under California state law.

As is its obligation, this court has reviewed the Complaint to determine whether Plaintiffs included allegations sufficient to establish federal jurisdiction and has been guided by the principles that govern such an inquiry. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists."). In short, they have not done so.

To begin, the court is mindful that, in contrast to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. 28 U.S.C. §§ 1331, 1332.

Case No.: 5:18-cv-03051-EJD
ORDER TO SHOW CAUSE

1

For jurisdiction based on a federal question under § 1331, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

For subject matter jurisdiction to arise on the basis of diversity under § 1332, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). For jurisdictional purposes, individuals are citizens of their states of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). In contrast, "[a] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter, 265 F.3d at 857.

In addition, the court observes that it must look to the Complaint's jurisdictional allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the grounds for the court's jurisdiction."

Applying these rules to Plaintiffs' Complaint, jurisdiction cannot arise based on a federal question because, as noted, the causes of action each arise under state law. As such, they are not created by federal law, nor do they require the resolution of a substantial question of federal law.

Furthermore, Plaintiffs have not adequately established a basis for diversity jurisdiction. As to Marshall Wealth Management, Inc., Plaintiffs allege it "was a California corporation

Case No.: 5:18-cv-03051-EJD
ORDER TO SHOW CAUSE
2

conducting business in Monterey County, California." Compl., at ¶ 4. This allegation is insufficient because rather than revealing the company's principal place of business, Plaintiffs have only disclosed a location where Marshall Wealth Management, Inc. was "conducting business." Those concepts are not necessarily equivalents, but for jurisdictional purposes Plaintiffs must confirm a principal place of business.

Moreover, Plaintiffs have not alleged the states of domicile for David T. Marshall and Perry C. Santillo. Allegations merely describing where these individuals "reside" are not enough. See Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

Because Plaintiffs have not satisfied their obligation to affirmatively demonstrate federal subject matter jurisdiction, the court issues an order to show cause why this action should not be dismissed. If Plaintiffs do not, by **June 8, 2018**, file a written response that demonstrates the basis for this court's subject matter jurisdiction in a manner consistent with the discussion above, the court will dismiss this action without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

No hearing will be held on the Order to Show Cause unless ordered by the court.

**IT IS SO ORDERED.**

Dated: June 5, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03051-EJD
ORDER TO SHOW CAUSE

3